anna theresa, as former minor and surviving spouse to
YIANNAKIS COSTA IOANNIDES Estate,
c/o: 21-08 30th Avenue;
Astoria. New York. zip exempt near [11102]
*Without the United States* (28 U.S.C. 1746)

district court of the United States (*in Equity*)

*via passagio*

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| anna theresa balash<br><br>Plaintiff<br><br>v.<br><br>YIANNAKIS COSTA IOANNIDES<br>ESTATE; STATE OF NEW YORK; U.S.<br>BANK NATIONAL ASSOCIATION, AS<br>TRUSTEE FOR THE HOLDERS OF THE<br>SPECIALTY UNDERWRITING AND<br>RESIDENTIAL FINANCE TRUST,<br>MORTGAGE LOAN ASSET-BACKED<br>CERTIFICATES SERIES 2006-BC1;<br>MERRILL LYNCH MORTGAGE<br>INVESTORS, INC.; AUCTION.COM, LLC.<br><br>Defendant(s), | district court CASE NO.: **1:24-cv-679 (AMN/DJS)**<br><br>**ORIGINAL ACTION *IN EQUITY***<br><br>In Re: 615 State Street<br>Hudson, New York.<br><br>SECTION: 110.53<br>BLOCK: 2<br>LOT: 16<br><br> |

In reverence to the supreme authority of the Constitution for the United States of America

(1787) and the Bill of Rights (1791), the primary contract with the people, expressed as the

supreme Law of the Land and adopted into Public Law by an Act of Congress at 1 Stat. 1-21 &

51-53 (1845) and including the New York Laws that are not violative of the aforementioned,

Comes Now, anna theresa balash, the former minor and surviving spouse of the Estate of

YIANNAKIS COSTA IOANNIDES ("the Estate"), having achieved full age of termination and

being of sound mind and competence to make her lawful claim against all property of the Estate

that may have been held in custody by others, and in support states as follows:

1

**Original Action in Equity**

## Introduction

Plaintiff, as surviving spouse and Heir to the Estate pursuant to New York Estate, Powers and Trust Laws, Article 4, Part 1 § 4-1.1(a)(2), hereby files her claim as against the *purported* "owner" and "holder" of the customer property[1] of the Estate, seeking her lawful inheritance and injunctive relief to enjoin the attempted sale of Estate property by parties whose rights have been extinguished by operation of the Law of Merger. Accordingly, Plaintiff seeks accounting and turn-over of all Estate property by Defendants and temporary injunctive relief pending the accounting and expert witness testimony as to the unlawful conversion of securities, the entitlement being held by the *Intestate* Estate, first in time and first in line. Plaintiff has provided notice to Defendants to Cease and Desist their unlawful activity in exhaustion of administrative remedies, to no avail. Plaintiff now makes her claim under the supreme Law of the United States of America, and in protection of all due process necessitating a demand for accounting and full disclosure in keeping with the commercial standards of good faith and fair dealings, an equitable proceeding.

Conversion is considered the civil side of larceny, namely the improper taking of non-real property from another without due authority. The using of a thing without the license of the owner or a wrongful sale of it is a conversion. *Clark v. Whitaker, 19 Conn. 319 (Conn. 1848).* A legal action in tort for conversion may be maintained by persons having the immediate right to the article converted. *Owens v. Andrews Bank & Trust Co., 265 S.C. 490 (S.C. 1975).* Plaintiff as surviving spouse and heir of decedent is the rightful party to claim the *customer property.*

---

[1] 15 U.S.C. § 78(lll) defines Customer property as follows: The term "customer property" means cash and *securities* (except customer name securities delivered to the customer) at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, *including property unlawfully converted*. [emphasis added]

## Parties

Plaintiff, anna theresa balash, is the surviving spouse and lawful Heir of yiannakis costa ioannides ("the decedent"), who died intestate on New York without a Will.

Plaintiff has achieved the age of termination, and is not subject to any guardians, trustee, custodians, conservators, receivers and no property is in the lawful custody of others pursuant to NY Est. Pow & Trust § 7-6.20 (2022). Plaintiff attached herewith certified evidence of age of termination and mental competence as her **Annex 1 and 2**.

Plaintiff may not be disinherited of the Estate property due to "minor" disabilities as a matter of the Laws of the Most High set forth in ***Galatians 4-7*** which states: *"What I am saying is that as long as an heir is underage, he is no different from a slave, although he owns the whole estate. The heir is subject to guardians and trustees until the time set by his father. So also, when we were underage, we were in slavery under the elemental spiritual forces of the world. But when the set time had fully come, God sent his Son, born of a woman, born under the law, to redeem those under the law, that we might receive adoption to sonship. Because you are his sons, God sent the Spirit of his Son into our hearts, the Spirit who calls out, 'Abba, Father.' So you are no longer a slave, but God's child; and since you are his child, God has made you also an heir.*

Plaintiff, as the surviving spouse with no issue is the owner of the whole estate pursuant to NY Est. Pow, and Trust Law § 4-1.1(a)(2) and sole entitlement holder of estate established by the death certificate of the decedent and is appropriate person to issue the applicable entitlement orders necessary to assign or deposit all interests with the court registry pursuant to FRCP 67 and 67.1. A true and correct copy of the death certificate is attached hereto as **Annex 3**.

Plaintiff is the entitlement holder is possession of the Certificate of Naturalization of the decedent and attaches evidence of the citizenship of the decedent in the United States of America as her **Annex 4**.

The Defendant Estate of YIANNAKIS COSTA IOANNIDES, is held intestate by the State of New York, against which the other named Defendants alleged interests as "Creditor" and which are also "Debtors" as their interests as custodians of estate property shall be proven by the demand for accounting made herein shall appear. The estate is evidenced by Annex 3.

The Defendant, State of New York, as lawful guardian and protector of the estate of decedent is named as a party, inclusive of the Office of Governor and the Attorney General, the necessary parties to any estate held intestate by the New York Government.

The Defendant US Bank, National Association as Trustee For The Holders Of The Specialty Underwriting And Residential Finance Trust, Mortgage Loan Asset-Backed Certificates Series 2006-BC1 ("US Bank, NA") is a National Bank Association established under the Laws of the United States of America, conducting the business of banking defined under Title 12 of the United States Code, including the buying, selling and custody of *customer named securities* as set forth in 12 U.S.C. § 24, a subsidiary of US Bancorp, a Delaware Corporation with its Corporate Headquarters Merrill located at 800 Nicollet Mall, Minneapolis Minnesota, and is named as an *alleged* "Creditor" and "Debtor" of estate owned *customer property*, whose rights may be extinguished by declaratory judgment of this Court pursuant to the *Doctrine of Merger*[2] as those rights are established by the demand for accounting herein.

---

[2] **See Black's Law, 4ᵗʰ Ed., p. 1140, Rights**: This term, as applied to rights, is equivalent to "confusion" in the Roman law, and indicates that *where the qualities of debtor and creditor become united in the same person* there arises a confusion of rights which extinguishes *both qualities*; whence, also, merger is often called *"extinguishment."* [emphasis added]

The Defendant Merrill Lynch Mortgage Investors, Inc. is named as Depositor of the Mortgage Securities for its participation in the intentional and unlawful conversion of the customer property of the Estate, doing business in the State of New York with is business address listed as 250 Vesey St. 10th Floor, New York, New York.

The Defendant Auction.Com, LLC is a Delaware Limited Liability Company with its Corporate Headquarters located at One Mauchly Irvine, California operating under a New York Real Estate Broker License # 10991207955. Defendant Auction.com at all times material is acting as selling agent for Defendant U.S. Bank, NA who remains responsible for the actions of its agents under *Respondeat Superior*.

Plaintiff reserves the right to amend her Complaint and name additional Defendants as their interests or participation appear through the course of litigation by amendment or motion for joinder of indispensable parties.

## Jurisdiction

This district court of the United States of America has original jurisdiction over actual controversies and long standing remedies available in exclusive equity and at common law within or near the northern district cognizable under the supreme law of the land set forth by the Constitution for the United States of America (1787), the Bill of Rights (1791) and must exercise jurisdiction over matters established under the National Banking Act and Title 12 of the United States Code regulating commerce pursuant to 28 U.S.C. § 1337,  and federal questions pursuant to 28 U.S.C. § 1331.

This court has exclusive equity jurisdiction for the creation of a remedy to determine the rights and legal relations of the parties where a clear and actual controversy exists. 28 U.S.C. § 2201.

5

This court has jurisdiction to declare a void judgment entered by any court cognizable under Federal Rules of Civil Procedure 60 by a finding of unclean hands or fraud. Judgments rendered by a court lacking jurisdiction are void. Burnham v. Super. Ct. of Cal., 495 U.S. 604, 608 (1990); see also Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir.1986). See also Clearfield Trust Co. v. U.S., 318 U.S. 363 (1943); FHA v. Burr, 309 U.S. 242 (1940)

This court has jurisdiction over matters of diversity pursuant to 28 U.S.C. § 1332(a)(3) & (c)(2).

This court has supplemental jurisdiction over state law and estate claims under 28 U.S.C. § 1367 as necessary to determine the accounting, sale or custody of, and unlawful conversion of securities defined by 15 U.S.C. § 78 et seq. and for determination of Void judgments for want of standing and jurisdiction of the "state court", as well as the standing and authority of the 2006-BC1 trust including actions ultra vires under controlling NY Trust Law.

Venue is appropriate as the Estate and all matters of property are cognizable by this district court with all activities having taken place in New York.

## Relevant Factual History

At some point prior to August 12, 2005, the alleged "Lender" MortgageIT, Inc. made an improper advance of Federal Reserve Notes defined under 12 U.S.C. § 411 without the requisite reserve capital or authority to induce the delivery of a note security defined at 15 U.S.C. § 78(c)(a)(10) with a term and maturity exceeding nine months.

The source of the funds advanced were at all times material based solely on the source value created by the signature, credit, and investment of the decedent and the decedent's estate, and remain *customer property* of the estate subject to all adverse claims of the heir to the estate, inclusive of unlawfully converted property as defined under 15 U.S.C. § 78(lll)(4).

6

The Defendant parties knowingly with malice and aforethought unlawfully converted the customer property of the decedent by attempting to launder the adverse claim to the unlawfully converted security of the decedent through a mortgage securitization scheme, intentionally structured to transfer or assign the security more than three times without notice of the adverse claim of the decedent, an intentional fraud mechanism to the detriment of the decedent and the other investors to the scheme and artifice.

The party that listed itself as a "Lender" in the unilateral security contract, MortgageIT, Inc, knew or reasonably should have known that the note "security" was to be placed into the securitization scheme as the source of value without a "loan" having taken place. The additional counterparties were not sale of a security at-arm's-length as such the adverse claims of the estate stand first in time, first in line.

The security dated August 12, 2005 in an amount of $166,500.00 includes fraudulent language "In return for a loan I *have* received…." indicating a *past tense* receipt and admission of the receipt of something not provided at the time of "signature" which nullifies the meeting of the minds invalidating the signature itself. **This is a direct failure of consideration in equity.**

At no time did the decedent receive a receipt for the security taken into custody by others as a matter of trust and confidence, and thereafter MortgageIT, Inc. intentionally indorsed the security "in blank" to obfuscate the failure of good delivery thereof and suspense accounting aided at the avoidance of and as proof of the unlawful conversion of customer property owed to the decedent and his estate.

Additionally, the security was electronically converted to an authoritative copy and digitized to further obscure the actions of the conspiring counter-parties for the sake of debt expansion and unclean intent of the monopolizing parties.

7

**Original Action in Equity**

Defendant US Bank, NA alleging a legal capacity of Trustee of a mortgage "loan" securitization trust, has at all times failed to provide evidence of the receipt of the security pursuant to New York Trust Law, and its actions seeking foreclosure of the real property are ultra vires, void by operation of law, and a fraud on the court and the United States.

Defendant US Bank, NA is using an allegation as creditor to the estate, seeking to sell real property, which is not the actual collateral pledged in the financial transaction as specifically defined under the Federal Reserve Board of Governors, Operating Circular 10, which mandates the sale of the collateral "Note" and the proceeds derived therefrom under the National Banking Act be credited to the reduction of the alleged obligation pursuant to Section 12.4 thereof.

Defendant US Bank, NA is using a presumption of power of attorney on behalf of the estate, to seek a judgment and letter of administration for the estate while being in possession of accounting and with knowledge that it owes a duty of setoff and recoupment to the estate for the sale of the instrument creating the value.

This unlawful conversion is irrelevant as the law defines the unlawfully converted property as *customer property* which is due and owing to the heir of the estate, not to the Defendants as securities intermediaries, which by and through this entitlement order of the appropriate person, US Bank, NA must comply its duty pursuant to NY UCC § 8-507 and immediately turn over all securities, records, accounting and proceeds derived from the original, unlawfully converted customer property.

The Defendants, each of them participated in false and intentional representations of standing and injuries not incurred by any of them, made with malice and aforethought to the state court, seeking the authority to sell estate property without a valid letter of administration by failing to disclose that US Bank, NA and other unnamed parties actually exhibit both the

8

qualities of Debtor of the investment security held in custody and as Creditor to the unlawfully converted customer property. This merger is extinguishment, in equity, to any unjust enrichment that US Bank, NA and its counterparties are attempting to achieve.

These actions set the machinery of the state court in motion in absence of good faith, fair dealings, and leave the parties with unclean hands. It is Horn Book law that the attorney moving the court on behalf of US Bank, NA may not begin the action by making false statements or representations. *"It is one of the fundamental principles upon which equity jurisprudence is founded that, before a complainant can have a standing in court, he must first show that not only has he a good and meritorious cause of action, but he must come into court with clean hands. He must be frank and fair with the court, nothing about the case under consideration should be guarded, but everything that tends to a full and fair determination of the matters in controversy should be placed before the court." Story's Equity Jurisprudence, 14th ed., § 98. The governing principle is "that whenever a party who, as actor, seeks to set the judicial machinery in motion and obtain some remedy has violated conscience or good faith or other equitable principle in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." Keystone Driller Co. v. General Excavator Co, 290 U.S. 240, 245 (1933)*

Accordingly the decedent and his estate are entitled to a full accounting to establish the true nature and facts of the case, for the production of expert testimony to expose the false representations made to the state court in support of declaratory judgment and for restoration of all unlawfully converted customer property to the heir and surviving spouse.

At no time did the MortgageIT, Inc. actually "Loan" money from available funds, rather exchanged decedent's signature and application for access to funds without reporting the basis and true character of the transaction.

This method of transactional structure is illegal, violated federal criminal law, and attempts to avoid limitations to such activities prohibited by the National Banking Act, the Uniform Commercial Code and the International Securities laws. The additional withholding being reported to the estate is further criminal behavior of the parties.

Regardless, the use of a defunct bankruptcy remote vehicle (Trust) as named in the state action seeking a letter of administration rendered the Defendants with *No Persona Standi in Judicio,* the "state court" without constitutional authority or jurisdiction, each a violation of due process by use of a presumption of self-authenticating commercial paper under FRE 902 and all such conclusive presumptions are herein denied in full. See Vlandis v. Kline, 412 U.S. 441 (1973).

Petitioner, as heir and surviving spuse states and informs this Court of the following entitlement to the Property and rights in property which she declares should be now in the Custody of the Law and subject to this action *in exclusive equity*:

A. The priority entitlement rights in the security title Note issued by decedent and dated August 12, 2005 in the amount of $166,500.00 and identified by Number 40363855.

B. The security interest in the real property granted by decedent and recorded in the public record under Book 548, Page 2271.

C. Entitlement rights in the Federated Hermes Core Bond Fund, Ticker Symbol FGFIX and reported under CUSIP Identifier 31428Q887, which are directly linked to the Security Number

10

**Original Action in Equity**

D. Entitlement rights in the PIMCO High Yield Fund, Ticker Symbol PHYRX and reported under CUSIP Identifier 72200Q794, which are directly linked to the unique identifier of decedent's estate and linked to the Case Number 4116/2012, referencing registry deposit funds made payable to the Treasurer of the United States by the clerk of the state court, for investment in the Court Registry Investment System.

Plaintiff would propose to, upon Order of this Court, publish a Notice seeking any and all adverse claims against the property, estate, or other equitable Notice requirements under the law.

## Cause of Action #1- Conversion

Plaintiff incorporates each of the allegations set forth in the foregoing paragraphs by this reference as if fully set forth verbatim in this count.

Plaintiff, as surviving spouse and heir to the Estate, brings her claim of Conversion of the original security which was at all times material customer property of the decedent and his estate as defined in law at 15 U.S.C. § 78(lll)(4).

Conversion is considered the civil side of larceny, namely the improper taking of non real property from another without due authority. At no time was it disclosed, evidenced by the intentional and fraudulent language of the instruments presented, that the transaction was an undisclosed securities transaction wherein the decedent would not receive his equitable consideration, knowingly carried out by the parties with systemic fraud and malintent.

Conversion is often defined as other interference of a person's right to property without the owner's consent and without lawful justification. *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442 (Pa. 1964). A conversion occurs when a person without authority or permission intentionally takes the personal property of another or deprives another of possession of personal property. It is a **tort** which allows the injured party to seek legal relief.

The using of a thing without the license of the owner or a wrongful sale of it is a conversion. *Clark v. Whitaker*, 19 Conn. 319 (Conn. 1848). A legal action predicated on the tort of conversion may be maintained by persons having the immediate right to possession of the article converted. *Owens v. Andrews Bank & Trust Co.*, 265 S.C. 490 (S.C. 1975).

A conversion may be committed by unreasonably withholding possession from one who has the right to it. The elements of conversion are:

- the plaintiff's ownership or right to possession of the property;
- the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and
- damages.

*Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery)*, 317 F.3d 1064 (9th Cir. Cal. 2003)

A person not in lawful possession of a chattel (non-real property) may commit conversion by:

- intentionally dispossessing the lawful possessor of the chattel,
- intentionally using a chattel in his possession without authority so to use it,
- receiving a chattel pursuant to an unauthorized sale with intent to acquire for himself or for another a proprietary interest in it,
- disposing of a chattel by an unauthorized sale with intent to transfer a proprietary interest in it, or
- refusing to surrender a chattel on demand to a person entitled to lawful possession.

*Baram v. Farugia*, 606 F.2d 42 (3d Cir. Pa. 1979)

Here, the financial institutions and their counterparties, were informed and aware that they were creating undisclosed securities transactions with instruments having maturity dates longer that nine months. The intent of the parties was, at all times material, to represent the transactions as "loans" and not the purchase or transfer of securities, owing consideration to the signatory party, with malice and aforethought to sell the securities to other unwitting parties for the purpose of unjust enrichment.

Regardless, the law defines securities taken in such manner through unlawful conversion, to remain customer property (15 U.S.C. § 78(lll)(4), due and owing in this instance to the estate and the surviving spouse and sole heir.

Conversion is an intentional **tort**. The intent that must be proven is the intent to exercise dominion and control over the plaintiff's property in a manner *inconsistent with the plaintiff's rights*. However, intent or purpose to do a wrong is not necessary to establish conversion, merely intent to seize the property. *Chem-Age Indus. v. Glover,* 2002 SD 122 (S.D. 2002).

Thus, even if the defendant thought he or she had rights to the property, if they were wrong and intentionally seized it, they have converted the property wrongfully. A conversion is usually proved in one of three ways:

- by tortuous taking;
- by any use or appropriation of the use of the person in possession, indicating a claim of right in opposition to rights of the owner; or
- refusal to give up possession to the owner on demand.

The language of the instruments, using past tense admission and maturities longer than nine months, and other  "loan" and "lender" language establishes malicious intent was present, which the defendants and counterparties may not avoid by misrepresentations to the court.

### Cause of Action #2- Declaratory Judgment

Plaintiff incorporates each of the allegations set forth in the foregoing paragraphs by this reference as if fully set forth verbatim in this count.

Plaintiff as surviving spouse and heir, is entitled to a declaratory judgment to determine the rights and legal relations of the parties, the entitlement rights to the securities, including a determination if the "state court" was acting as a commercial trading participant thus devolving into the status of a private citizen under the *Clearfield Doctrine.*

Plaintiff is entitled to disclosure of the nature and character of the original securities transaction, any transfers of security entitlements or conversion into the Registry Funds Deposit and Court Registry Investment System Accounts and Public Debt Securities reported to the unique identifiers of decedent.

Plaintiff seeks declaratory judgment that US Bank, NA, lacked legal capacity and had *No Persona Standi in Judicio* and the "state court" lacked jurisdiction.

Plaintiff is entitled to a declaratory judgment that the notice of sale, referee's deed, and attempted auction is without valid lawful authority and must be enjoined.

Plaintiff is entitled to declaratory judgement that the foreclosure and sale is void for want to jurisdiction of the "state court" and Defendant's lack of standing to foreclose through the use of a defunct fictitious plaintiff, was a fraud on the court.

Plaintiff is entitled to declaratory judgement that the alleged transaction is an unlawful conversion of customer property and constitutes fraud in the factum and is void.Plaintiff is entitled to declaratory judgment that establishes all necessary equitable relief in final and complete settlement of all matters involving the property so described.

### Cause of Action # 3 - Accounting

Plaintiff incorporates each of the allegations set forth in the foregoing paragraphs by this reference as it fully set forth verbatim in this count.

US Bank, NA is a federally regulated National Bank which is regulated by the laws of the United States of America and the state of New York, including the sale and exchange of securities under 12 U.S.C. 24. Defendants are required to statements with the Securities and Exchange Commission in compliance with SEC regulations and staff bulletins.

Defendants are required to follow the mandatory requirements of reasonable commercial practices, the UCC, GAAP and IRS requirements for the reporting of basis and capitalization of assets and accounting for losses and impaired collateral and used numerous opportunities in conversion of the assets of decedent.

Defendants owes the estate all necessary offsetting entries against the alleged obligation, the failure to report creates conversion, unjust enrichment and undisclosed profits or proceeds used to expand the assets of Defendants to abuse and take advantage of many more customers.

Defendants routinely misrepresent and convert the values of assets in their accounting records to inflate receivables or sell and pledge assets owed to customers as liabilities in an effort to over syndicate the participant investors and receive compensation above par in their securitization machine, with knowing intent as a systemic fraud on the United States.

Defendants, each of them, must report and account for all securities, instruments, insurance, counterparty risk, multi-lateral netting and other accounting fraud in the intentional coverup of their fraudulent activities.

### Cause of Action #4- Injunctive Relief

Plaintiff incorporates each of the allegations set forth in the foregoing paragraphs by this reference as it fully set forth verbatim in this count.

Plaintiff is faced with the clear and present danger of the sale of real property of the estate, due to the actions of Defendants and their agents, without a valid authority to do so.

Defendants do not have a valid or legal, beneficial or pecuniary interest in the estate property subject to this action, yet Plaintiff is willing to place all estate property in the custody of the law for final equitable determination through an audited accounting.

Plaintiff and the estate she inherited as surviving spouse will suffer irreparable harm if Defendants are not enjoined from continuing to administer estate property under a masked approach an an estate creditor, without good faith disclosure of the debt owed to the estate through intentional conversion of estate assets.

This court has the power to enjoin Defendants from proceeding with any actions ot maintain the status quo pending an audited accounting and expert witness testimony.

Defendants have damaged Plaintiff and the estate, in their willful non-compliance with the law and have used abusive tactics against Plaintiff, carried out by abuse of the judicial system and malicious prosecution and abuse of process.

As a result of Defendants willful misconduct as described, Plaintiff is entitled to an permanent injunction, enjoining Defendants from further abuse pending final equitable determination of this Court.

The public good is supported by enjoining the bank Defendants, and the State of New York should be required to stipulate to injunctive relief as guardian of the estates of the people of New York, and supportive of injunctions that stop Bank Defendants from abusing public policy through false claims and exposure of Plaintiff and others to multiple and excessive liabilities for unjust enrichment and Conversion.

Plaintiff would hope that Defendant State of New York would investigate the activities of Defendants as a matter of public good.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.  This court accept the jurisdiction of this action and allow for all adverse claims to be fully and completely determined through full and absolute balance of exclusive equity

B.  This Court enter declaratory judgment as to the legal relations of the parties and their relative equitable positions in consideration of a full accounting.

C.  This court declare all deeds as void for fraud in the factum and as ultra vires.

D.  Plaintiff be awarded all equitable right in unlawfully converted property with award of equitable damages against Banking Defendants, jointly and severally;

E.  For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper to deter further willful disregard of the laws of the United States of America.

Respectfully Submitted this 17th of May, 2024

By

anna theresa balash, *a former minor and surviving spouse of* yiannakis costa ioannides

17

# Annex

# 1

# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

## Certificate of Birth

FILED

**156-60-411451**

Certificate No.

1. Full name of child (PRINT)  **ANNA** *First name*   **THERESA** *Middle name*   **BALASH** *Last name*

2. Sex **FEMALE**

3. Number of children born of this pregnancy **1**

4. If more than one, number of this child in order of birth

5. Date of child's birth (Month) (Day) (Year)

5a. Hour **8:05** P.M.

6. PLACE OF BIRTH:
(a) NEW YORK CITY: (b) Borough **Queens**
(c) Name of Hospital or Institution **Astoria General**
(d) If not in hospital, street address No.

7. USUAL RESIDENCE OF MOTHER:
(a) State **New York**
(b) Co. **Queens**  (c) City or Town **Astoria**
(d) No. **21-08 30th Ave.**

8. Full name FATHER **WILLIAM BALASH**

9. Color or race **WHITE**

10. Age at time of this birth **29** (years)

11. Birthplace (city or place and State, or country) **NEW YORK CITY, N.Y.**

12a. Usual Occupation **SALESMAN**

12b. Kind of business or industry in which work was done **SUPERMARKET HOUSEWARE**

13. Full maiden name MOTHER **ANNA MASUK**

14. Color or race **White**

15. Age at time of this birth **29** (years)

16. Birthplace (city or place and State, or country) **NEW YORK CITY, N.Y.**

17a. Total number of children ALIVE PREVIOUS to this pregnancy **0**

17b. Number of children born PREVIOUS to this pregnancy and NOW LIVING **0**

I hereby certify that this child was born alive at the hour and on the date stated above, and that all the facts stated in this certificate and report of birth are true to the best of my knowledge, information and belief.

Date of Report **May 10, 1960** 19

Given name added from a supplemental report
(Date of)
Borough Registrar.

(Signed) *Josephine J. DiMarco*
Name of Signer *Josephine Jos DiMARCO* (Print or typewrite)
Address *28-02 21st Ave Astoria*

Print here the mailing address of mother.
Copy of this certificate will be mailed to her when it is filed with the Department of Health.

Name **MRS ANNA BALASH**
Address **21 08 30th Avenue** Apt.
City **ASTORIA** Post Office Zone State **N.Y.**

BUREAU OF RECORDS AND STATISTICS    DEPARTMENT OF HEALTH    THE CITY OF NEW YORK

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

June 2, 2016

Steven P. Schwartz
Steven P. Schwartz, Ph.D., City Registrar


R 0 0 3 6 0 2 2 7 0



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Look for the following security features before accepting this document:
- Multi-colored pink-blue-pink background
- Micro printing of the words New York City Department of Health and Mental Hygiene immediately above the bottom border and visible using a magnifying glass
- This watermark in the paper, which will be visible when held to the light:

- Thermochromic Ink: The logo above is printed with heat sensitive ink. It changes color when warmed by rubbing with a finger

VR-134 444M (37/15) P.O. No. 20161622348



**NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE**
Mary T. Bassett, MD, MPH
*Commissioner*

## EXEMPLIFICATION OF BIRTH OR DEATH RECORD

# SHARON SIMPKINS

I, _____ , Deputy

City Registrar of the Office of Vital Records of the Department of Health and Mental Hygiene of the City of New York do hereby certify that the foregoing transcript is a true copy of the original record now on file in the Department of Health and Mental Hygiene of the City of New York, this being a department of the Municipal Corporation known as the City of New York; that I have compared the said transcript with the original record on file in the Department of Health and Mental Hygiene and that the same is a correct transcript of said original record, and of the whole thereof; that the seal thereon impressed is the official seal of the Board of Health of the Department of Health and Mental Hygiene of the City of New York, and I further hereby certify that I am Deputy City Registrar of the Office of Vital Records in the said Department of Health and Mental Hygiene in the City of New York, where the said certificate and record is on file, and that I am authorized to certify the said record in accordance with Section 17-102 (Sub b) of the Administrative Code of the City of New York.

**The foregoing transcript is a true copy of said original record, identified as**

☑ Birth ☐ Death

Certificate Number ____156-60-41145l____  Year __1960__ ,

Borough of ____Queens____ .

*In witness whereof I have hereunto set my hand  and caused the seal of the Board of Health of the Department of Health and Mental Hygiene of the City of New York to be*

affixed this _____2_____ day of

____June____ in the year

____2016____ .

Signature

VR 68 (Rev. 2/14)

# Annex

# 2



Psychiatry
NETWORKS

January 12, 2024

To Whom It May Concern:

The following statements relates to anna theresa balash, a living woman over whom I performed a psychiatric and mental health fitness evaluation on January 12, 2024. The medical file confirms the following information and facts:

* Date of birth is ▮▮▮▮▮▮
* Current age 63 years old.
* Height is 62 inches (157.48 cm)
* Weight is 253 lbs. (114.75kg)

Facts:

1. anna theresa balash, is a woman who is mentally healthy and fit.
2. anna theresa balash, has no current mental health illness that is incapacitating. Specifically, she has no current mood, psychotic, dissociative, neurocognitive, personality, substance abuse or dependence disorder.
3. anna theresa balash, is a fully independent adult and is not in need of a guardian or ward.
4. At the time of this evaluation anna theresa balash, was not under the influence of foreign substances.

In my expert psychiatric and medical opinion, anna theresa balash, does not suffer from any signs of mental illness or substance abuse or dependence that could impair her mental function. She is fully cognizant and self-aware. She retains adequate clarity of thought mental acuity, as well as mood stability to handle his own affairs.

Sincerely,

Dr. David J. Lopez, MD

**Notary Acknowledgment**

State of Florida)
                              )sa
County of Volusia)

This instrument was acknowledged before me _Jvanne Kern_, a notary public by Dr. David J. Lopez who, first being duly sworn and deposed, stated and affirmed the sufficiency of the information contained therein and provided evidence of identity at the time of signature and affirmation.

Notary Public

JVANE KERN
Notary Public - State of Florida
Commission # HH 284958
My Comm. Expires Jul 7, 2026
Bonded through National Notary Assn.

My Commission

Expires ___July 7, 2026___

# Annex

# 3

# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

# DEATH TRANSCRIPT

DATE FILED    THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE

**CERTIFICATE OF DEATH**    Certificate No. 156-21-023490

NEW YORK CITY
DEPARTMENT OF HEALTH
AND MENTAL HYGIENE

Apr 26, 2021 06:58 PM

**1. DECEDENT'S LEGAL NAME** YIANNAKIS  C  IOANNIDES
(First, Middle, Last, Suffix)

## MEDICAL CERTIFICATE OF DEATH (To be filled up by the Physician)

**Place Of Death**

| 2a. New York City | 2c. Type of Place | | 2d. Any Hospice care in last 30 days | 2e. Name of hospital or other facility (if not facility, street address) |
|---|---|---|---|---|
| 2b. Borough | 1 ☑ Hospital Inpatient | 4 ☐ Nursing Home/Long Term Care Facility | 1 ☐ Yes | |
| | 2 ☐ Emergency Dept./Outpatient | 5 ☐ Hospice Facility | 2 ☑ No | Mount Sinai Queens |
| Queens | 3 ☐ Dead on Arrival | 6 ☐ Decedent's Residence | 3 ☐ Unknown | |
| | | 7 ☐ Other Specify | | |

| Date and Time of Death | 3a. (Month) | (Day) | (Year-yyyy) | 3b. Time | 4. Sex | 5. Date last attended by a Physician |
|---|---|---|---|---|---|---|
| | April | 23 | 2021 | 10:18 ☑PM ☐AM | Male | mm 04  dd 23  yyyy 2021 |

6. Certifier: I certify that death occurred at the time, date and place indicated and that to the best of my knowledge traumatic injury or poisoning DID NOT play any part in causing death, and that death did not occur in any unusual manner and was due entirely to NATURAL CAUSES. See Instructions on reverse of certificate.

Name of Medical Certifier  TENZIN   NORYANG
(Type or Print)

Signature  *Tenzin Noryang*
Signature Electronically Authenticated

DO. MD. ND. NP. RPA

Address  2510 30th Ave Astoria, NY 11102

License No. 016246    Date APR-24-2021

## PERSONAL PARTICULARS (To be filled in by the Funeral Director or Use of City Health)

| 7a. Usual Residence State | 7b. County | 7c. City or Town | 7d. Street and Number | Apt. No. | ZIP Code | 7e. Inside City Limits? |
|---|---|---|---|---|---|---|
| New York | Queens | Astoria | 2108 30th Ave | | 11102 | 1 ☑ Yes 2 ☐ No |

| 8. Date of Birth (Month) (Day) (Year-yyyy) | 9. Age at last birthday (years) 61 | Under 1 Year: Months *** Days *** | Under 1 Day: Hours *** Minutes *** | 10. Social Security No. |
|---|---|---|---|---|

| 11a. Usual Occupation (Type of work done during most of working life. Do not use retired") | 11b. Kind of business or industry | 12. Aliases or AKAs |
|---|---|---|
| ESL Professor | Education | Yiannakis Costa Ioannides |

| 13. Birthplace (City & State or Foreign Country) | 14. Education (Check the box that best describes the highest degree or level of school completed at the time of death) |
|---|---|
| Cyprus | 1 ☐ 8th grade or less; none   4 ☐ Some college credit, but no degree   7 ☑ Master's degree (e.g., MA, MS, MEng, MEd, MSW, MBA) |
| | 2 ☐ 9th – 12th grade; no diploma   5 ☐ Associate degree (e.g., AA, AS)   8 ☐ Doctorate (e.g., PhD, EdD) or |
| | 3 ☐ High school graduate or GED   6 ☐ Bachelor's degree (e.g., BA, AB, BS)   Professional degree (e.g., MD, DDS, DVM, LLB, JD) |

| 15. Ever in U.S. Armed Forces? | 16. Marital/Partnership Status at time of death | 17. Surviving Spouse's/Partner's Name (prior to first marriage)(First, Middle, Last) |
|---|---|---|
| 1 ☐ Yes 2 ☑ No | 1 ☑ Married   2 ☐ Domestic Partnership   3 ☐ Divorced | |
| | 4 ☐ Married, but separated   5 ☐ Never Married   6 ☐ Widowed | Anna Theresa Balash |
| | 7 ☐ Other, Specify   8 ☐ Unknown | |

| 18. Father/Parent Name (Prior to first marriage) (First, Middle, Last) | 19. Mother/Parent Name (Prior to first marriage) (First, Middle, Last) |
|---|---|
| Costas Ioannides | Argyri Panteli |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Address (Street and Number) | Apt. No. | City & State | ZIP Code) |
|---|---|---|---|---|---|
| Anna Theresa Balash-Ioannides | Spouse | 2108 30th Ave Astoria, NY | | | 11102 |

| 21a. Method of Disposition | 21b. Place of Disposition (Name of cemetery, crematory, other place) |
|---|---|
| 1 ☑ Burial   2 ☐ Cremation   3 ☐ Entombment   4 ☐ City Cemetery | Cemetery of Kouklia, Paphos |
| 5 ☐ Other Specify | |

| 21c. Location of Disposition (City & State or Foreign Country) | 21d. Date of Disposition | mm 05 | dd 14 | yyyy 2021 |
|---|---|---|---|---|
| Cyprus | | | | |

| 22a. Funeral Establishment | 22b. Address (Street and Number) | City & State | ZIP Code) |
|---|---|---|---|
| Bergen Funeral Service Inc. | 11430 Rockaway Blvd South Ozone Park, NY 11420 | | |

No Correction History.***

VR 15 (Rev. 01/22)

EVT202104231855

April 26, 2021

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.



Gretchen Van Wye, PhD, City Registrar


The City of New York

1 4 0 0 0 0 0 6 3 7 2 9 0

**ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE**

Look for the following security features before accepting this document:

· Multi-colored pink-blue-pink background
· Micro printing of the words New York City Department of Health and Mental Hygiene immediately above the bottom border and visible using a magnifying glass
· This watermark in the paper, which will be visible when held to the light:

· Thermochromic Ink: The logo above is printed with heat sensitive ink. It changes color when warmed by rubbing with a finger

VR-140 270M (01/20) P.O. NO. 20202025274

# Annex

# 4

# UNITED STATES OF AMERICA

## CERTIFICATE OF NATURALIZATION

No. 21 757 879

INS Registration No. A29 819 263

Personal description of holder as of date of naturalization:
Date of birth:

Sex: MALE
Height: 5 feet 10 inches
Marital status: MARRIED
Country of former nationality: CYPRUS



VIANNAKIS COSTA IOANNIDES

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

*Yiannakis Costa Ioannides*
(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Attorney General

at: NEW YORK, NY

The Attorney General having found that:

YIANNAKIS COSTA IOANNIDES
then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

U.S. IMMIGRATION & NATURALIZATION SERVICE

at: GARDEN CITY, NY    on: JUNE 18TH, 1996

that such person is admitted as a citizen of the United States of America.

*Commissioner of Immigration and Naturalization*

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

FORM N-550 REV. 6-91

State of New York ⟩

⟩ ss

County of Queens

### CERTIFICATION/AFFIDAVIT

On this _____ day of September, 2019, I certify (or attest) that the preceding or attached document, is a true, exact, complete, and unaltered copy made by me, Yiannakis-Costa: Ioannides, of THE UNITED STATES OF AMERICA CERTIFICATE OF NATURALIZATION No. 21757879 INS Registration No. A29 819 263, presented to me, yiannakis-costa: ioannides, on June 9th 1996, by the document's custodian, The United States Immigration and Naturalization Service, as approved by Doris Meissner, Commissioner of Immigration and Naturalization.

Grantor: yiannakis-costa: ioannides

Signed and certified/attested to before me

this _____ day of September, 2019

(SEAL)

### Notary Attestation

I have examined the original document and this copy and have ascertained that the preceding or attached copy of the original document, is a true, exact, complete, and unaltered copy of THE UNITED STATES OF AMERICA CERTIFICATE OF NATURALIZATION No. 21757879 INS Registration No. A29 819 263, dated June 9th 1996, by the document's custodian, The United States Immigration and Naturalization Service, as approved by Doris Meissner, Commissioner of Immigration and Naturalization.

MICHAEL A. PAGANO
Notary Public State of New York
No 01PA4974659 Qual. In Queens Co.
Cert Filed in Queens County
Commission Expires 2/21/23

Notary Public Signature

(Seal)